IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**BENJAMIN TILLMAN,**

        **Petitioner,**

**v.**                                                                  **Case No. 1:20-cv-00042**

**C. MARUKA, Warden,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND AND PETITIONER'S CLAIMS

Petitioner is serving a 480-month term of imprisonment imposed by the United States District Court for the Northern District of Florida, following his conviction by a jury, on February 4, 1997, on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(iii). He is presently incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, with a projected release date of July 8, 2032. Petitioner's instant petition asserts that he was "erroneously placed at FCI McDowell" and seeks transfer to another facility closer to

his proposed release address, specifically somewhere within the BOP's Southeast Region or Forest City, Arkansas, pursuant to Section 601 of the First Step Act of 2018.

## ANALYSIS

Petitions under 28 U.S.C. § 2241 are generally used to address matters concerning the execution of a federal sentence, where the petitioner can demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Here, Petitioner asserts that the Bureau of Prisons ("BOP") is holding him in custody in violation of Section 601 of the First Step Act of 2018, which requires the BOP, after taking into consideration certain enumerated factors, to "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, within 500 driving miles of that residence." 18 U.S.C. § 3621(b). The statute further provides that an inmate may be transferred closer to their residence, notwithstanding the fact that they are already in custody in a facility within the 500-mile radius. *Id.*

However, § 3621(b) further specifies that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* Thus, this federal court does not have authority to compel the BOP to make any placement decisions under the First Step Act. *See Ellis v. United States*, No. 3:19-cv-395-K (BT), 2019 WL 3021141, at *2 (N.D. Tex. June 18, 2019), *report and recommendation adopted*, No. 3:19-CV-395-K (BT), 2019 WL 3006837 (N.D. Tex. July 9, 2019); *United States v. Tovar-Zamorano*, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); *Porche v. Salazar*, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same).

## **RECOMMENDATION**

In light of the statutory language in § 3621(b) barring judicial review of discretionary custodial placement decisions by the BOP, Petitioner has not demonstrated that he is in custody in violation of the Constitution, laws, or treaties of the United States and has not established a right to relief under § 2241(c)(3). Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

April 22, 2020

Dwane L. Tinsley
United States Magistrate Judge